FILED
1/22/20 11:20 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

ROBERT ALLEN LELLOCK,    :    Case No. 19-23622-TPA
*Debtor*    :
    :    Chapter 7
    :
    :    Related to Doc. No. 40
    :
    :    Hearing: February 5, 2020 at 11:00 AM


**ORDER TO SHOW CAUSE**

Less than two weeks ago the Court convened a hearing on an Order to Show Cause that had been issued in this matter against the Debtor for failing to attend several §341 meetings of creditors. Although not expressly disclosed to the Court by Debtor's Counsel, it became apparent that the reason the Debtor had missed those meetings is that he was (and is) incarcerated. Debtor's attorney, Samuel DiFatta, acknowledged at the hearing that he bore responsibility for what had happened because, despite being aware that Debtor was incarcerated, he had not taken the appropriate steps to allow a power-of-attorney holder to appear on behalf of the Debtor at the creditor meetings. Attorney DiFatta acknowledged that if anyone were to be sanctioned it should be him.

The Court decided not to sanction Attorney DiFatta, but at the same time it expressed concern about what had happened in the case, as well as in another recent matter in which a typographical error in a sale motion and order that he had prepared resulted in an incorrect address

1

having been given for the property to be sold.[1] The Court stressed that Attorney DiFatta needed to be more attentive to his obligations and to carefully review the documents he filed with the Court. He was instructed to promptly obtain a new date for the meeting of creditors and to notify all creditors.

On January 15, 2020, Attorney DiFatta then filed a proposed order rescheduling the meeting of creditors for March 2, 2020, and allowing the power-of-attorney holder to appear on behalf of Debtor. *See*, Doc. No. 40. However, the very first sentence in the body of the Proposed order states:

> The Debtor, ***Joshua J. Lawson [sic]***, was unable to attend his section 341 Meeting of Creditors previously scheduled, due to his current situational confinement and his legal inability to leave said confinement. (emphasis added)

Doc. No. 40 at ¶1. If he had taken the matter seriously and to heart it is difficult to see how Attorney DiFatta could have allowed a document with such an obvious error to be filed only a few days after he had been admonished by the Court against just this sort of conduct. The Court's difficulty in this regard is heightened, no less, since the error occurred in the very same case where the warning occurred. The Court is thus left to question whether it should have given Attorney DiFatta a "pass" at the prior hearing, and whether instead he should be sanctioned.

---

[1] *See, Carol Biancardi*, Case No. 18-11148-TPA at Doc. Nos. 77, 90, 95. The incorrect address was only one of a number of problems associated with the sale due to Atty. DiFatta's inattention.

2

AND NOW, this *21st* day of *January, 2020*, it is **ORDERED, ADJUDGED** and **DECREED** that ***Attorney Samuel M. DiFatta*** shall ***personally appear*** at a hearing to be held on ***February 5, 2020 at 11:00 A.M.*** in the Erie Bankruptcy Courtroom, U.S. Courthouse, 17 South Park Row, Erie, PA 16501 and show cause why he should not be sanctioned for repeated instances of carelessness and inattention in connection with filings made in this Court, such sanctions to include a monetary penalty or otherwise.

                                                                                                         _____
                                                                                                         Judge Thomas P. Agresti
                                                                                                         United States Bankruptcy Court

Case administrator to serve;
    Samuel M. DiFatta, Esq.
    Debtor

3

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                    Case No. 19-23622-TPA
Robert Allen Lellock                                                      Chapter 7
       Debtor

# CERTIFICATE OF NOTICE

District/off: 0315-2         User: dkam              Page 1 of 1             Date Rcvd: Jan 22, 2020
                             Form ID: pdf900        Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 24, 2020.
db            +Robert Allen Lellock,    56 Estella Street,    Pittsburgh, PA 15211-2155

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                  TOTAL: 0

      ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                  TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 24, 2020                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 22, 2020 at the address(es) listed below:
      James   Warmbrodt    on behalf of Creditor    Lakeview Loan Servicing, LLC bkgroup@kmllawgroup.com
      Jeffrey J. Sikirica    trusteesikirica@zoominternet.net, PA59@ecfcbis.com
      Katelyn   Edwards    on behalf of Plaintiff Shawn   Logan kedwards@peircelaw.com,
       aburke@peircelaw.com
      Keri P. Ebeck    on behalf of Creditor    Duquesne Light Company kebeck@bernsteinlaw.com,
       jbluemle@bernsteinlaw.com
      Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
      Samuel M. DiFatta    on behalf of Debtor Robert Allen Lellock difatta1015@comcast.net,
       richard.gainey@comcast.net;difattasr89351@notify.bestcase.com
                                                                                                     TOTAL: 6